UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

APPLE INC.,

          Plaintiff,

    v.

1000 VAN NESS LP,

          Defendant.

Case No. 26-mc-80021-ASK

**ORDER RE: MOTION TO COMPEL SUBPOENA COMPLIANCE FOR TRANSFER**

Re: Dkt. No. 1

Petitioner Apple moves the Court to enforce a subpoena to 1000 Van Ness LP, the landlord of the Van Ness location of Apple Cinemas, for a trademark infringement case pending in the District of Massachusetts. Dkt. 1. Though Apple served its motion on 1000 Van Ness, 1000 Van Ness has not submitted a response. Dkts. 4, 5.

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. Fed. R. Civ. P. 45. "If a non-party fails to respond, a party seeking enforcement of a subpoena to bring a motion in the court for the district where compliance is required for an order compelling production or inspection." *Erickson v. Builder Advisor Grp. LLC*, No. 22-MC-80094, 2022 WL 1265823, at *2 (N.D. Cal. Apr. 28, 2022) (cleaned up) (citing Fed. R. Civ. P. 45(d)(2)(B)(i)). "[O]n a motion to compel discovery, the moving party must first demonstrate that the information requested is within the scope of permissible discovery." *Id*. The Court "may compel compliance where the nonparty has not formally objected but has instead failed to respond." *BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc.*, No. 21-MC-80189-DMR, 2021 WL 5507167, at *3 (N.D. Cal. Nov. 24, 2021) (cleaned up).

"The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b)." *Erickson*, No. 22-MC-80094-TSH, 2022 WL 1265823, at *2; *see*

Fed. R. Civ. P. Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)"). Rule 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679–80 (N.D. Cal. 2006) (cleaned up). "Thus, a court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Id*. at 680.

Rule 45 requires service of a subpoena by "delivering a copy to the named person" and proof of filing a certified statement "showing the date and manner of service and the names of the persons served." Fed. R. Civ. P. 45(b). "The Ninth Circuit has not ruled whether Rule 45 requires personal service." *BBK Tobacco & Foods LLP*, 2021 WL 5507167, at *3 (cleaned up). However, "[t]he majority of courts understand 'delivering' to require personal service of the subpoena." *Fujikura Ltd. v. Finisar Corp.*, No. 15-MC-80110, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (collecting cases).

Here, Apple issued a subpoena to 1000 Van Ness requesting production of documents generally concerning the intent to trade on Apple's brand recognition, actual confusion, and the value of the Apple's trademark to 1000 Van Ness as landlord of Apple Cinemas. Dkt. 1 at 14-16. After attempting multiple times to personally serve 1000 Van Ness at the listed address for 1000 Van Ness's registered agent per the California Secretary of State's website (Mia Aceves, 1 Embarcadero Center, Suite 1200, San Francisco, CA 94111), Apple served 1000 Van Ness by hand delivery to the Secretary of State on March 26, 2026. Dkts. 5, 6, 10; *see* Cal. Corp. Code § 1702(a). Service is now complete. *See* Cal. Corp. Code § 1702(a) ("Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.").

The documents that Apple requested via the subpoena are directly relevant to Apple's

United States District Court
Northern District of California

United States District Court
Northern District of California

claims in the underlying trademark infringement action. However, the Court finds the below-listed requests to be overbroad, and narrows them accordingly to read as follows:

> **REQUEST FOR PRODUCTION NO. 1:**
> A representative sample of marketing pitches, promotional materials, and MARKET RESEARCH CONCERNING DEFENDANTS' THEATERS.
>
> **REQUEST FOR PRODUCTION NO. 9:**
> All DOCUMENTS, including COMMUNICATIONS, constituting 1000 Van Ness LP's contract(s) with DEFENDANTS and reflecting the selection of the terms thereof.
>
> **REQUEST FOR PRODUCTION NO. 10:**
> All DOCUMENTS, including COMMUNICATIONS between YOU and DEFENDANTS, REFERRING TO, RELATING TO, or CONCERNING 1000 Van Ness LP's awareness of the APPLE MARKS, the APPLE brands, and APPLE's reputation as to 1000 Van Ness LP's and DEFENDANTS' business.
>
> **REQUEST FOR PRODUCTION NO. 12:**
> All DOCUMENTS, including COMMUNICATIONS, constituting customer complaints or negative reviews for DEFENDANTS' THEATERS that mention APPLE, the APPLE MARKS, and/or APPLE brands.

*See* Dkt. 1-3 at 14-17.

As modified, the discovery requested by the subpoena is permissible under Rules 26 and 45. Because 1000 Van Ness failed to respond to Apple's motion, it has failed to meet its burden to show any reason the discovery should not be permitted. As the fourteen-day deadline for objections has passed, *see* Fed. R. Civ. P. 45(d)(2)(B), 1000 Van Ness has waived all objections other than privilege.

Accordingly, the Court **GRANTS** Apple's motion to compel and **COMPELS** 1000 Van Ness to respond to the subpoena as modified without objections (other than objections based on privilege) by April 28, 2026. By April 10, 2026, Apple shall serve a copy of this Order along with a revised subpoena on 1000 Van Ness by (1) hand delivery to the Secretary of State pursuant to California Corporations Code § 1702(a), *see* Dkt. 9; (2) mail service and attempting personal service to the listed address for 1000 Van Ness's registered agent per the California Secretary of State's website (Mia Aceves, 1 Embarcadero Center, Suite 1200, San Francisco, CA 94111); (3) personal service on Mr. Cronin, General Manager of Carr Workplaces ("Carr"), who represented

United States District Court
Northern District of California

that Carr scans copies of all delivered mail to provide to 1000 Van Ness, Dkt. 6 ¶ 7; and (4) personal service and mail to James Kilpatrick, President of 1000 Van Ness, at his office address (1901 Harrison Street, Suite 1100, Oakland, CA 94612), Dkt. 6 ¶ 5. Apple must file a certificate of service.

If 1000 Van Ness fails to respond timely to the subpoena, the Court will consider appropriate sanctions upon an adequate showing by Apple of either appropriate efforts at service on 1000 Van Ness or, preferably, actual notice to 1000 Van Ness.

**IT IS SO ORDERED.**

Dated: April 8, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge

4